# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHERYL LEE B.,**[1]  ) | |
| ) | |
| **Plaintiff,**  ) | |
| ) | **CIVIL ACTION** |
| **v.**  ) | |
| ) | **No. 20-1289-JWL** |
| **KILOLO KIJAKAZI,**[2]  ) | |
| **Acting Commissioner of Social Security,**  ) | |
| ) | |
| **Defendant.**  ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223, Title II, of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) evaluation of the medical source opinion of Plaintiff's treating counselor, Ms. Mullenioux, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the ALJ's decision and REMANDING for further proceedings consistent with this decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

## I.      Background

Plaintiff protectively filed an application for DIB on November 20, 2015.  (R. 16).

After exhausting administrative remedies before the Social Security Administration

(SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision

pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in considering the

opinions of her counselor, Ms. Mullenioux.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052

(10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he

findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual

findings are supported by substantial evidence in the record and whether he applied the

correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord,

White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to

the weight, not the amount, of the evidence.  It requires more than a scintilla, but less

than a preponderance; it is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see

also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

Consequently, to overturn an agency's finding of fact the court "must find that the

evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-

Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that

of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R.

§ 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

**II.     Discussion**

Plaintiff argues remand is necessary because the ALJ failed to weigh the opinion of Ms. Mullenioux, the counselor who treated Plaintiff from at least October 2013 beyond her date last insured, June 30, 2014.  (Pl. Br. 24).  Plaintiff acknowledges Ms. Mullenioux completed her Medical Source Statement opinion in November 2017, well after the date last insured, but she points out Ms. Mullenioux stated the opined limitations existed at least since the date last insured.  Id.  She argues Ms. Mullenioux is an acceptable medical source whose opinion is worthy of particular weight, but was not even acknowledged by the ALJ.  Id. at 24-25.

4

The Commissioner acknowledges the ALJ did not mention Ms. Mullenioux's opinion but argues the error is harmless for three reasons.  First, because as a Licensed Clinical Professional Counselor (LCPC) she is not an acceptable medical source, and there is no record evidence Ms. Mullenioux is a licensed or certified psychologist. (Comm'r Br. 7).  Because the limitations opined by Ms. Mullenioux "were largely accounted for in the ALJ's residual functional capacity assessment" and the form she used "contained only options for mild, moderate, marked, or extreme limitations, and therefore did not provide any way for the provider to indicate that a claimant had no limitation in any given area." Id. at 8 (citing R. 2694-96).  Finally, she points out that "Ms. Mullenioux checked a box indicating that Plaintiff would *not* be off task from her symptoms, she went on to inconsistently check the box indicating that Plaintiff would be off task 10% of the workday.  Id. at 9 (citing R. 2694).

In her Reply Brief, Plaintiff accepts that Ms. Mullenioux is not a psychologist, but argues that the ALJ was still required to address her opinion, which he did not do.  (Reply 2).  She argues that although mental RFC limitations might account for the limitations assessed by Ms. Mullenioux, the ALJ must explain how they account for the limitations opined and he did not do so here.  Id. at 3.  She argues the Commissioner's remaining arguments are merely impermissible post hoc rationalizations.  Id. at 3-4.

The court agrees with the parties that the ALJ did not mention or discuss Ms. Mullenioux's opinion, and it agrees with Plaintiff that this error requires remand for the reasons discussed below.  First, as the parties agree 20 C.F.R. § 404.1527 (2019) ("Evaluating opinion evidence for claims filed before March 27, 2017.") controls the

determination of this issue.  That regulation defines "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 404.1527(a)(1).  Thus, Ms. Mullenioux is not an acceptable medical source and her opinion is not a medical opinion as defined in the regulation.  However, the regulation also explains how an ALJ is to handle opinions "from medical sources who are not acceptable medical sources."  20 C.F.R. § 404.1527(f).  It explains such opinions will be considered using the same six factors for weighing medical opinions as appropriate, and that "[t]he adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  Id. § 404.1527(f)(1, 2).  Thus, the ALJ was required both to consider, and articulate his consideration of, Ms. Mullenioux's opinion in his decision such that this court could follow his reasoning.

However, the court is unable to follow the ALJ's reasoning.  Plaintiff's date last insured was June 30, 2014.  Therefore, her condition after that date is irrelevant to the question of disability on or before that date except as it relates to or elucidates her condition on or before that date.  The ALJ noted Plaintiff's date last insured was June 30, 2014.  (R. 16).  He stated he had considered "all of the evidence."  Id. at 16, 18, 20, 22.  He also made clear that his decision was an evaluation of Plaintiff's condition from her alleged onset date through her date last insured.  Id. at 16, 18, 20, 25, 27.  The ALJ

6

specifically discussed evidence from 2008, 2009, 2010, and 2013.  Id. 22-24.  Moreover, he cited medical evidence in exhibits 1F through 11F, all containing medical records dated between 2008 and 2014, and he cited none of the medical records 12F through 52F, all containing medical records dated after June 30, 2014.  Although the ALJ did not state the reason for this, the court presumes it is because the relevant period ended on the date last insured, June 30, 2014.  The ALJ discussed the May 13, 2013 treatment note of Ms. Nixon, LCPC, and discounted her suggestion that Plaintiff's "episodic bipolar cycles … seem debilitating."  (R. 23-24) (citing Ex. 8F/20, R. 1334).  But, the ALJ said nothing of Ms. Mullenioux's Medical Source Statement, dated November 8, 2017 opining mental limitations for Plaintiff which "existed since at least June 30, 2014."  Id. 2694-96, 2692.  These facts, taken together, suggest the ALJ merely ignored all medical evidence after exhibit 11F and was not even aware of Ms. Mullenioux's opinion, or certainly was not aware that she had related it back to within the relevant period, a period during which she had also been treating Plaintiff whom she had apparently treated continuously since at least late 2013.  Therefore, because it is not clear the ALJ even considered Ms. Mullenioux's opinion, for the court to weigh the opinion in the first instance and decide whether the error in failing to discuss it was harmless would be to usurp the Commissioner's duty of weighing the evidence.  Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (it "may be appropriate to supply a missing dispositive finding under the rubric of harmless error … based on material the ALJ did at least consider").

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the ALJ's decision and REMANDING for further proceedings consistent with this decision.

Dated October 26, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**